POTLATCH CORPORATION *v.* Teresia
RICHARDSON

82-231                                    647 S.W.2d 438

Supreme Court of Arkansas
Opinion delivered March 7, 1983

*Stark Ligon,* for appellant.

*Roberts, Harrell, Lindsey & Foster, P.A.,* by: *Searcy W. Harrell, Jr.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The Calhoun County Chancery Court quieted title to certain property in appellee, Teresia Richardson, holding that adverse possession had been established against appellant, Potlatch. On appeal we affirm.

Potlatch has had record title to and has paid taxes on the 4.65 acres in question since 1941, but Doyle Hollis, now deceased, had been in actual possession of the land since 1963. Apparently, Hollis considered it to be a part of an 80 acre tract which he bought in 1963, since the 80 acre tract and

the 4.65 acres were fenced in together. He sold the 80 acres in 1976, but continued to possess the 4.65 acres. He died testate in 1981, and his will provided for the sale of this property by his executrix. Appellee purchased the property from the executrix.

Appellant argues that the trial court erred in finding that Doyle Hollis had obtained title through adverse possession and, thereby, erred in quieting title in appellee. The law applicable to adverse possession is well settled. In order for adverse possession to ripen into ownership, the possession for seven years must be actual, open, notorious, continuous, hostile, exclusive, and accompanied with an intent to hold against the true owner. *Stricker* v. *Britt,* 203 Ark. 197, 157 S.W.2d 18 (1941). The party claiming by adverse possession has the burden of proof to establish all of the essential elements of adverse possession. *Potlatch Corp.* v. *Hannegan,* 266 Ark. 847, 586 S.W.2d 256 (1979). And, in *Culver* v. *Gillian,* 160 Ark. 397, 254 S.W. 681 (1923) we stated:

> [T]o constitute an adverse possession, there need not be a fence or building, yet there must be such visible and notorious acts of ownership exercised over the premises continuously, for the time limited by the statute, that the owner of the paper title would have knowledge of the fact, or that his knowledge may be presumed as a fact. In other words, it has been well said that if the claimant 'raises his flag and keeps it up,' continuously for the statutory period of time, knowledge of his hostile claim of title may be inferred as a matter of fact.

Here, testimony revealed that Hollis used the property in question as his "camp." Shortly after he bought the 80 acres, he moved a small building onto the 4.65 acres and gradually turned it into a house: he added two rooms, electricity, and a butane tank for fuel; he put down a well, built a barn, and a hog pen; he kept hogs and cows and a horse there. Sometime after 1976 he added another room and a bathroom with a septic tank. He and his wife had a garden there, and stayed on the property during gardening season to can and freeze vegetables more than they stayed at home. There was testimony indicating that the property has been

enclosed by a fence for well over the seven year statutory period.

Based upon the above evidence the chancellor found that Hollis acquired title to the land by being in actual, open, notorious, adverse, hostile, continuous, exclusive possession for a time exceeding seven years, and we cannot say that this finding is against the preponderance of the evidence.

Appellant also argues that the trial court erred in finding that the executrix of the Hollis estate could sell the decedent's property without complying with the Probate Code. However, we do not reach this argument because no defect in the conveyance from the estate of Hollis to appellee could have any effect on appellant's claim to title. Nor does the fact that the property in question may overlap two feet onto an adjacent landowner's property affect appellant's claim to the title. We find no error.

Affirmed.